UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONNIE COLEMAN,

Plaintiff,

- against -

GENERATION IRON BRANDS, LLC,

Defendant.

26 Civ. 3599 (ALC) (GWG)

**[JOINT] PROPOSED SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16 and 26(f) and the Court's Order for Conference Pursuant to Rule 16 dated September 22, 2026 (ECF No. 26), counsel for Plaintiff Ronnie Coleman ("Plaintiff") and Defendant Generation Iron Brands, LLC ("Defendant") conferred on September 24, 2026 and respectfully submit the following Proposed Scheduling Order. Where the parties disagree, their respective positions are noted below.

**1. Appearances**

For Plaintiff Ronnie Coleman:
David M. Fish
ROMANO LAW PLLC
One Battery Park Plaza, 7th Floor
New York, New York 10004
(212) 865-9848
davidf@romanolaw.com

For Defendant Generation Iron Brands, LLC:
Darya Kapulina
FARBER BALSAM PAPAIN FERRARI LLP
261 Madison Avenue, 26th Floor
New York, New York 10016
(212) 972-7040
dkapulina@newyorktrial.com

**2. Concise Statement of the Issues**

This is an action for breach of contract and unjust enrichment arising from a February 4, 2017 letter agreement concerning Plaintiff's participation in the documentary film *Ronnie Coleman: The King* (the "Agreement"). Following the parties' joint status report (ECF No. 18), Plaintiff filed an Amended Complaint on August 26, 2026 (ECF No. 21) asserting two claims against Defendant: breach of contract (Count I) and unjust enrichment (Count II). Defendant answered on September 17, 2026 (ECF No. 24).

Plaintiff's position: **[For Plaintiff to confirm or revise:]** Plaintiff alleges that, in addition to $15,000 in fixed compensation, the Agreement he signed on or about February 4, 2017 included his proposed redlines, among them a provision entitling him, beginning two years after the film's commercial release, to 40% of the Company's Profits from exploitation of the film, with quarterly reporting (Section 4), and a banner-advertisement provision (Section 5). Plaintiff alleges that the version of the Agreement Defendant provided in February 2021 was altered to remove those provisions and bears his signature page affixed from another version; that Defendant has failed to provide the required reporting or pay royalties since June 2020; and that he has been damaged in an amount of no less than $75,000. Plaintiff seeks compensatory and punitive damages, fees and costs, and injunctive relief.

Defendant's position: Defendant denies Plaintiff's allegations. The executed Agreement provides for fixed compensation of $15,000, contains no royalty or profit-participation term, and was not altered, and Defendant did not affix Plaintiff's signature page to any altered document. Defendant has performed its obligations under the Agreement. Plaintiff's unjust enrichment claim fails because a valid written agreement governs the subject matter.

The principal issues presently anticipated are:

a. which version of the Agreement the parties executed, including whether the executed Agreement contains the royalty (Section 4) and banner-advertisement (Section 5) provisions Plaintiff alleges, and whether any version of the Agreement or its signature page was altered;

b. whether Defendant breached the Agreement by failing to provide reporting or to pay royalties and, if so, the amount of any resulting damages, including the computation of any "Company's Profits" from the film;

c. whether Plaintiff may recover in unjust enrichment where a written agreement governs the subject matter;

d. whether Plaintiff may recover punitive or exemplary damages, attorney's fees, or injunctive relief; and

e. whether Plaintiff's claims are barred in whole or in part by the statute of limitations or Defendant's other affirmative defenses.

**3. Proposed Schedule**

a. Initial disclosures. The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by **[October 16, 2026]**. Initial document requests and initial interrogatories shall be served by **[October 23, 2026]**.

b. Joinder and amendment. Any motion to join additional parties or to amend the pleadings shall be filed by **[November 20, 2026]**.

c. Depositions. The non-expert witnesses the parties presently expect to depose are: Plaintiff Ronnie Coleman; Vladislav Yudin; Edwin Mejia, Jr.; Ilan Katz (non-party); Brendan Ahern (non-party); **[the individual identified in Plaintiff's text messages as "Ivan"]**. Depositions shall commence after the substantial completion of document production, which shall occur by **[January 15, 2027]**, and shall be completed by the close of non-expert discovery.

d. Close of non-expert discovery. All non-expert discovery shall be completed by **[March 31, 2027]**.

e. Expert discovery. The parties presently anticipate expert testimony in the following fields: forensic document examination (authenticity of the Agreement) and film revenue / damages accounting. Disclosures of the identities and reports of experts required by Fed. R. Civ. P. 26(a)(2) shall be made by the party bearing the burden of proof on the issue by **[April 30, 2027]**; rebuttal expert disclosures shall be made by **[May 28, 2027]**. Expert depositions shall be completed by **[June 30, 2027]**.

f. Pretrial motions. Any pretrial motions, including motions for summary judgment, shall be initiated by **[July 30, 2027]**. If no such motions are contemplated, the parties shall submit a joint pretrial order in accordance with the procedures of the Honorable Andrew L. Carter, Jr. within **[30]** days after the close of all discovery. The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.

**4. Limitations on Discovery; Protective Order**

The parties do not presently propose any modification of the limitations on discovery set forth in the Federal Rules of Civil Procedure or the Local Civil Rules. The parties will submit a proposed stipulated protective order governing confidential information, together with a proposed order pursuant to Fed. R. Evid. 502(d), by **[October 30, 2026]**. **[Privilege logs: the parties agree that communications with litigation counsel on or after April 30, 2026 need not be logged, and that categorical logs are permitted.]**

**5. Unresolved Discovery Issues**

**[None at this time.]** The parties will confer regarding the production of electronically stored information as set forth in paragraph 8 below.

**6. Trial**

Plaintiff has demanded a trial by jury on all claims (ECF No. 21). The parties anticipate that trial will last approximately **[three to four]** days.

**7. Settlement and Mediation**

The parties believe that settlement discussions with the assistance of a mediator would be most helpful **[following the substantial completion of document production and before depositions]**. **[The parties do not presently plan to engage a private mediator and would request referral to the Court-annexed Mediation Program / a settlement conference before the Magistrate Judge.]**

**8. Electronically Stored Information; Discovery Deadlines**

Counsel shall confer with one another by telephone or in person within 30 days of the date of this Order regarding production of electronically stored information (ESI), including but not limited to sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; and any limitations or anticipated difficulties regarding discovery or production of ESI.

All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application not in compliance with this paragraph will be denied. To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material.

Discovery applications -- that is, any application or motion pursuant to Rules 26 through 37 or 45 -- not only must comply with ¶ 2.A. of the Court's Individual Practices but also must be made promptly after the cause for such an application arises. In addition, absent extraordinary circumstances no such application will be considered if made later than 30 days prior to the close of discovery. Untimely applications will be denied.

Dated: New York, New York
September 28, 2026

ROMANO LAW PLLC

By: _/s_____________________
David M. Fish
Attorneys for Plaintiff
Ronnie Coleman

FARBER BALSAM PAPAIN FERRARI LLP

By: __/s____________________
Darya Kapulina
Attorneys for Defendant
Generation Iron Brands, LLC

SO ORDERED.

Dated: New York, New York
____________, 2026

______________________________
GABRIEL W. GORENSTEIN
United States Magistrate Judge